LYTLE et al. v. CRAWFORD et al.

(Supreme Court, Appellate Division, First Department. January 22, 1904.)

1. JUDGMENT—RES JUDICATA.

A buyer of cotton gave his check on a bank therefor, and deposited the warehouse receipts with the bank. When the seller presented the check, the bank tendered in payment certain notes claimed to have been executed by the seller, which were refused. The seller and buyer then agreed that the latter should give a duebill for the cotton, and should obtain the receipts and deliver them to the seller. He did in fact give a duebill, but sold the cotton, the bank receiving and cashing the draft

drawn by him therefor. The bank sued the seller on the notes, and the latter set up, amongst other defenses, the conversion of the cotton. Verdict and judgment went for the bank. *Held*, that the judgment was not res judicata of the rescission of the original contract of purchase for which the buyer's check had been given.

2. ELECTION OF REMEDIES.

 A subsequent action in Georgia cannot operate as an election of remedies so as to oust a prior suit in New York.

Appeal from Trial Term.

Action by Robert A. Lytle and another against James R. Crawford and others. From a judgment for plaintiffs entered upon a direct verdict, defendants appeal. Affirmed.

Argued before VAN BRUNT, P. J., and McLAUGHLIN, O'BRIEN, INGRAHAM, and LAUGHLIN, JJ.

P. S. Dudley, for appellants.

W. L. Mathot and H. L. Herzog, for respondents.

VAN BRUNT, P. J.· It is not necessary to restate the principal facts developed upon the retrial of this action, the same having been set forth in the opinion of this court when the case was here upon a former appeal. 69 App. Div. 273, 74 N. Y. Supp. 660. The only point upon which new evidence was sought to be introduced related to the rescission of the transaction of Monday, November 7th, by what took place between the agent of the plaintiffs and Drewry on Tuesday, the 8th.

It is claimed on the part of the defendants that upon Tuesday the transaction of Monday was rescinded, and the cotton mentioned in Monday's transaction was resold to Drewry, he agreeing to make payments therefor in a different manner from that which he had attempted to do upon the day previous. It is claimed upon the part of the plaintiffs that whatever agreement was made on Tuesday was never carried into effect, because the check in question was never returned to Drewry, nor were the warehouse receipts for the cotton delivered to him, nor did the plaintiffs' agent place him in possession of the same. Upon the second trial of this action, the defendants were allowed to amend their answer by alleging the rescission of the contract of Monday, November 7th, upon Tuesday, November 8th, and they sought to establish that fact by the introduction in evidence of the judgment roll in an action brought by the defendants against the plaintiffs in the state of Georgia upon the promissory notes mentioned in the counterclaim in the original answer. But an examination of that judgment roll shows that no such issue was passed upon therein. It appears therefrom that the defendants' (the plaintiffs in this action) first answer to the complaint was that they never executed the notes, and the second was that the plaintiffs (the defendants in this action) had converted certain cotton belonging to the defendants to their own use; and they made a further answer that they did not sign the notes sued on, and that one John Drewry gave to the defendants a check on the plaintiffs, who were their bankers, and that the plaintiffs accepted said check in full payment of the notes; and, further, that the entire amount of the notes was usurious. The jury

seem to have found a verdict for the plaintiffs in that action, negativing all these defenses. Upon the previous appeal it was held that the judgment could not establish the notes referred to in the counterclaim, for the reason that the notes were merged therein, and there was nothing in the judgment tending to establish anything which was contained in the new defense, consequently there was no evidence whatever in the case contradicting the testimony of Drewry that the rescission .had never been carried into effect because the notes and cotton had never been delivered to him.

It is also urged that the proceedings taken by the plaintiffs in this action against Drewry upon his alleged duebill indicated an election to hold Drewry, and consequently to· release the defendants. In this connection it is sufficient to say that if any election was made it was made when this action was commenced, which was prior to the time of the proceedings against Drewry in Georgia. It is to be observed that the proceedings in Georgia do not seem to have gone any further than an attempt to establish an attachment against certain property alleged to belong to Drewry, which in the proceedings was determined to belong to a third party.

Upon the whole case, therefore, it does not appear that there was any evidence whatever to establish the new defense, set up in the amended answer, that there had been a rescission on November 8th of that which had taken place on November 7th. The judgment should therefore be affirmed, with costs. All concur.